UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | CR 05-00121 SJO | Date | September 11, 2008 |
|---|---|---|---|

| Present: The Honorable | S. James Otero |
|---|---|
| Interpreter | None |

| Victor Cruz | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant: | Present | Cust. | Bond | Attorneys for Defendant: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Jeru Hall, Taansen Sumeru | No | | | Gerald C. Salseda, Marcia J. Brewer | No | | |

**Proceedings:   IN CHAMBERS**

ORDER DENYING DEFENDANT HALL'S MOTION IN LIMINE OBJECTING TO ANTICIPATED GOVERNMENT EVIDENCE, SPECIFICALLY AS RELATES TO THE GOVERNMENT'S ADMISSION OF SPLICED VIDEO STATEMENTS MADE BY HALL DURING AN INVESTMENT SEMINAR IN GRENADA; DENYING DEFENDANT HALL'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S PROFFERED 404(B) AND 609(B) EVIDENCE; AND DENYING DEFENDANT SUMERU'S MOTION IN LIMINE TO EXCLUDE THE GOVERNMENT'S PROFFERED EVIDENCE PURSUANT TO RULES 404(B) AND 609(B)

I.   Defendant Hall's Motion in Limine Objecting to Anticipated Government Evidence

Defendant Hall filed a Motion in Limine objecting to the following anticipated items of evidence: (1) the Government's use of the word "scam," "Ponzi scheme," and "victims" in its opening statement; (2) the Government's use of the following question, "How would your decision to invest have been affected, if at all, if at the time you invested in Sattva you had known that the defendants obtained a banking license in Grenada by false pretenses?"; (3) the Government's admission of spliced video statements made by Hall during an investment seminar in Grenada; and (4) the Government's merging of the evidence against Hall and Sumeru by using the word "they" and "defendant's." By Order of September 5, 2008, the Court DENIED the Motion as to the first two items of evidence, and the fourth item of evidence, but withheld ruling on the third item of evidence pending the Court's review of the subject video tape.

The Court has reviewed the video tape and accordingly DENIES the Motion. The video statements are admissible as admissions against interest and under the co-conspirator exception to the hearsay rule. *See* Fed. R. Evid. 801(d). The Court further concludes that the video statements are not unfairly prejudicial under Rule 403.

II.   Defendant Hall's and Defendant Sumeru's Motions in Limine to Exclude the Government's Proffered 404(b) and 609(b) Evidence

Defendants Hall and Sumeru seek to exclude the Government's introduction of evidence of their involvement with other high yield investments prior and subsequent to their involvement with Sattva Investment Bank ("Sattva"). Additionally, Hall seeks to exclude the Government's introduction of evidence that Hall was previously convicted in 1989 for making a false statement. Likewise, Sumeru seeks to exclude the Government's introduction of evidence that Sumeru has failed to file tax returns since 1990 and that Sumeru was convicted of theft in 1974.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Pursuant to the Court's Order of September 5, 2008, the Government provided the Court with further clarification as to the 404(b) evidence it may offer during its case in chief. (*See* Supplemental Opp'n.) Ultimately, the Government did not introduce any of this evidence during its case in chief. Accordingly, the Court does not reach the issue of the admissibility of this evidence.

As to the evidence of Hall's and Sumeru's prior convictions, the Court finds that such evidence is admissible as it is "inextricably intertwined" with the charged offenses.[1] *See United States v. DeGeorge*, 380 F.3d 1203, 1220 (9th Cir. 2004). Sattva was formed pursuant to the Grenadian Offshore Banking Act of 1996, which requires that applicants for offshore banking licenses not have criminal records. The Government alleges that Sumeru submitted an application that did not disclose these prior convictions, as such evidence would have barred Defendants from obtaining a banking license in Grenada. Evidence of these convictions is thus necessary for the Government "to offer a coherent and comprehensible story regarding commission of the crime." *See id.* (internal quotation marks omitted). The Court further concludes that the probative value of these convictions is not substantially outweighed by the danger of unfair prejudice per Rule 403.[2]

Accordingly, the 404(b) and 609(b) Motions are DENIED.

IT IS SO ORDERED.

:

Initials of Deputy Clerk

cc:

---

[1] The Government states that it does not seek to use this evidence for impeachment purposes. (Opp'n 9.)

[2] As to evidence that Sumeru failed to file tax returns, the Government has not offered any opposition to this evidence, nor has it indicated that it actually intends to offer such evidence. To the extent that the Government offers such evidence at trial, Sumeru may raise all relevant objections.